Coös,
June, 1900.

## BURBANK v. GRAND TRUNK RAILWAY CO.

Evidence that a road has been regularly used by the public for more than
twenty years, that highway surveyors have worked upon it, and that it
has been treated like other highways in the town, is admissible to prove a
highway by prescription or dedication.

CASE, for negligence. From a highway in Shelburne, a road
runs across the defendants' track to the Ingalls farmhouse, occu-
pied by the plaintiff, where it ends. Since about 1850, when the
railroad was built, gates have been maintained across the road on
either side of the track, but there are no cattle guards or fences
at the crossing. August 22, 1897, the plaintiff's horses passed
through one of the gates and down the track, where they were
killed. The negligence complained of was (1) that the defend-
ants failed to construct and maintain at the crossing cattle
guards or fences on each side of the track, as required by section
23, chapter 159, of the Public Statutes, and (2) that they did not
discover the horses upon the track, or, having discovered them,
did not use ordinary care to prevent the injury.

It was admitted that the road to the Ingalls house was never
laid out as a highway, but the plaintiff claimed that it had become
such by prescription or by dedication. As tending to support this
claim, the plaintiff introduced the evidence of E. P. Burbank,
who testified that he remembered the road for about fifty years,
and, subject to the defendants' exception, that prior to 1862 it
was used as a public highway to get to the Fletcher Ingalls house.

The plaintiff also offered the testimony of Martin L. Burbank
(who was seventy-one years old in September, 1898, left home thirty-
six years before, and has since been familiar with the premises),
to the effect that from his earliest memory the road over the cross-
ing had been used as a regular highway, that he worked upon it
when he lived on the Ingalls place, that highway surveyors also
did work upon it, and that it was treated like other highways in
the town. The evidence was excluded, and the plaintiff excepted.
At the close of the plaintiff's evidence a nonsuit was ordered,
subject to his exception.

*Albert S. Twitchell*, for the plaintiff.

*Chamberlin & Rich* and *Clarence A. Hight* (of Maine), for the
defendants.

BLODGETT, C. J.   The exclusion of the proffered testimony of Martin L. Burbank was erroneous.   It manifestly tended to prove that the road in question had become a highway by prescription or dedication long prior to the injury complained of, and afforded competent evidence upon which the jury might have so found in connection with the other evidence in the case.   *Willey* v. *Portsmouth*, 35 N. H. 303, 311, 312, and authorities cited.   In view of this conclusion and the changed aspect of the case resulting therefrom, which may materially affect the question of the defendants' liability and the evidence necessary to establish it, there is now no occasion to go farther and consider whether the case made by the plaintiff in respect of the negligence of the defendants' train employees entitled him to invoke the judgment of the jury.

*Exceptions sustained : nonsuit set aside.*

PIKE, J., did not sit : the others concurred.